IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURT L. TITCHENELL,<br>114 Commons Court,<br>Chadds Ford, Pennsylvania 19317<br><br>    *Plaintiff,*<br><br>    v.<br><br>JASON BRADLEY DEFORD,<br>c/o Brad D. Rose<br>Pryor Cashman LLP<br>7 Times Square, 40th Floor<br>New York, NY 10036<br><br>    *Defendant.* | Case Number: 2:24-cv-1457 |

## COMPLAINT

Plaintiff, for its complaint against the above-named Defendant, alleges and avers as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Kurt L. Titchenell, is an adult individual located and doing business as Jellyroll®, at 114 Commons Court, Chadds Ford, Pennsylvania 19317.

2. Defendant, Jason DeFord is an adult individual whose home address is currently concealed but who can be contacted through his attorney Brad D. Rose of Pryor Cashman LLP, 7 Times Square, 40th Floor, New York, NY 10036 or his manager, John Meneilly, Emagen Entertainment Group, 4001 Inglewood Avenue, Redondo Beach, CA 90278.

3. This Court has jurisdiction to hear this matter under 28 U.S.C. §1338(a), as this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c)(1), and 1125(d), as well as under pendant jurisdiction.

4. Venue in this judicial district is proper under 28 U.S.C. §1391(b), as the Defendant does business in this judicial district and all or a substantial part of the events, omissions and harm giving rise to this action occurred in this judicial district.

## NATURE OF THE CASE

5. Plaintiff seeks injunctive relief against Defendant for service mark infringement under 15 U.S.C. §1114(1)(a) and §1114(1)(b); false designation of origin and/or sponsorship under 15 U.S.C. 1125(a); dilution under 15 U.S.C. §1125(c); common law palming off, trademark and trade name infringement, and unfair competition; injury to business reputation and dilution under 54 Pa. Cons. Stat. Ann. §1125.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff is presently the owner of U.S. service mark registration number 3,834,018, *JELLYROLL*® (the Mark) used in connection with the following services in international class 41: *Entertainment in the nature of live performances by a musical band or group; entertainment services in the nature of live musical performances*.

7. Plaintiff has acquired the rights to the Mark and all goodwill therewith having received a USPTO trademark registration on August 17, 2010, and having since renewed the mark with the latest renewal having been accepted by the USPTO on December 26, 2019. A copy of the Mark registration information as reflected in the official records of the United States Patent and Trademark Office ("USPTO") is attached hereto as Exhibit A.

8. The Plaintiff, professionally known as Jellyroll has been providing musical and vocal accompaniment for celebratory and charitable events first in the Delaware Valley and now throughout the Northeast part of the United States since at least 1980, including,

among other notable events, two appearances at the White House for President George W. Bush and his family.

9. Conversely, Defendant, who was not born until 1984 in Antioch, Tennessee claims in published interviews that his mother referred to him as Jelly Roll as a small child.

10. Defendant claims he started using the name Jelly Roll in about 2010 in connection with the personal distribution of self-created music mix tapes that he would distribute at no cost in the area near his home.

11. Defendant further claims he became a musician by learning to play guitar while serving time in prison for felony armed robbery in his late teens and early twenties.

12. Prior to the Defendant's recent rise in notoriety, a search of the name of Jellyroll on most search engines, and particularly Google, returned references to the Plaintiff. Now, any such search on Google returns multiple references to Defendant, perhaps as many as 18-20 references before any reference to Plaintiff's entertainment dance band known as Jellyroll® can be found.

13. On or about February 27, 2024, Plaintiff, through counsel, sent a cease-and-desist letter by electronic mail to various email addresses believed to be associated with Defendant or Defendant's management.

14. On February 29, 2024, Plaintiff's co-counsel received an email from Defendant's counsel wanting to discuss the cease-and-desist letter. Several conversations ensued and at one point Defendant's counsel inquired as to whether Defendant really was in competition with Plaintiff.

15.     Despite receipt of the cease-and-desist letter, Defendant has not discontinued his use of Plaintiff's registered trademark Jellyroll, or as spelled by Defendant, Jelly Roll.

16.     Defendant, along with other musical accompaniment, has now announced a nationwide tour that will make planned appearances throughout the Northeast including Philadelphia.

17.     In or about March 2024, Plaintiff became aware that Defendant was going to appear for a live concert at the Wells Fargo Center located in Philadelphia on October 2, 2024, and Defendant has been marketing this event and preselling tickets to it. All such marketing has used the Defendant's professionally adopted and infringing name Jelly Roll in these efforts. One such advertisement can be found at https://wmmr.com/event/jelly-roll-wells-fargo-center/ , a copy of which is attached hereto as Exhibit B.

18.     Defendant's website at https://jellyroll615.com continues to use Plaintiff's registered trademark Jellyroll prominently on his website.

19.     Defendant, ignoring the demand to cease and desist from his use of Plaintiff's registered trademark, continues to use the mark *Jellyroll*, thus continuing Defendant's infringement of Plaintiff's service mark, creating confusion in the marketplace as to the source.

## COUNT I
### Federal Service Mark Infringement 15 U.S.C. §1114(1)(a) and (1)(b)

20.     Plaintiff realleges and incorporates by reference the averment contained in paragraphs 1 through 18 herein.

21.     Plaintiff is the owner of the incontestable federal service mark registration granted by the United States Patent and Trademark Office for the following mark:

| Registration Number | Mark | Date of Principal Registration/Renewal |
|---|---|---|
| 3,834,018 | JELLYROLL | August 17, 2010 |
| | | May 28, 2016 (renewal) |
| | | December 26, 2019 (renewal) |

22. The next §8 and §9 renewal dates for the mark are not until August 17, 2029, at the earliest, unless canceled by the Commissioner of Trademarks or a Federal Court, and as long as the requirements for maintaining the registration are fulfilled as they become due.

23. Plaintiff first used the service mark *Jellyroll* in interstate commerce for entertainment in the nature of live performances by a musical band or group and entertainment services in the nature of live musical performances as early as March 9, 1980.

24. Well before the acts of infringement complained of herein by Defendant, members of general public in the United States have recognized the mark *Jellyroll*® as an exclusive source identifier for entertainment services in the nature of live musical performances originating from Plaintiff.

25. Plaintiff's registered service mark identified above is valid, subsisting and now incontestable, and remains in full force and effect, and in continuous use throughout its market area. See Exhibit A, attached hereto.

26. As a result of the long and continuous use of the mark since 1980 by Plaintiff, along with the extensive advertising of the services of Plaintiff associated with the mark, Plaintiff has greatly expanded his market reach to all states in the Northeast United States from Connecticut to Virginia. His market penetration continues to expand.

27. Until Defendant began infringing on the use of the mark in areas in which Plaintiff has provided services, members of the consumer population in the United States have recognized the mark *Jellyroll* when used in connection with providing live musical entertainment originating with Plaintiff.

28. As a result of the long and continuous use of the mark by Plaintiff, and until the confusion created by Defendant's infringement of the mark, the general consumer population identified Jellyroll as exclusive source identifiers for Plaintiff's services of providing live musical and vocal entertainment consisting of at least seven to eight musicians that feature a horn section, a string section including violins, keyboards, a percussion section, and at least three vocalists.

29. Defendant's unauthorized use of Plaintiff's mark Jelly Roll in interstate commerce, and especially in the Northeast of the United States in connection with live musical performances including the promotion of such services in his advertising and marketing, including, but not limited to his website, direct mail advertisements, venue initiated advertisements, and elsewhere, is causing, has already caused, and will continue to cause, not merely a likelihood of confusion, but actual confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendant; (b) the affiliation, connection, and association of Defendant with Plaintiff; and (c) Plaintiff's sponsorship, approval, tolerance, and control of the services offered by Defendant using the mark registered to Plaintiff, all of which is in violation of the Lanham Act, 15 U.S.C. §1114(1)(a) and §1114(1)(b).

30. Defendant continues to commit the acts of infringement complained of herein in defiance of Plaintiff's demand to cease such acts which are causing financial injury and harm to Plaintiff.

31. Defendant's continued acts and conduct of service mark infringement are willful within the Lanham Act, 15 U.S.C. §1117.

32. Defendant's unapologetic continued infringing acts and conduct, unless enjoined by this Court, will continue to cause consumer confusion, mistake, and deception.

33. The confusion created by Defendant's infringement of Plaintiff's registered trademark has affected the continued viability of Plaintiff's business.

34. Plaintiff is entitled to an injunction under the Lanham Act since a remedy at law alone does not free Plaintiff from the harm that is continuing.

## COUNT II
### Trade Name or Service Mark Dilution in Violation of 15 U.S.C. §1125 (c)(1)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though more fully set forth at length herein.

36. Plaintiff's registered service mark Jellyroll® was used in commerce by Plaintiff for entertainment services in the nature of live music performances long before Defendant's adoption and use of the name Jelly Roll in connection with entertainment services in the nature of live music performances.

37. Plaintiff's registered service mark Jellyroll has become famous due to long, extensive, continuous, and exclusive use by Plaintiff in connection with the services referenced in the USPTO registration, such fame occurring long before Defendant adoption and use of Jelly Roll, in fact even before Defendant was born.

38. Plaintiff's registered service mark is recognized and famous in the same service area as Defendant's use and promotion of his performing name Jelly Roll.

39. Initially only performing in the Philadelphia metropolitan area in the 1980s, Plaintiff has been expanding his footprint and has now performed under his registered service mark in states from Connecticut to Virginia and every state in between, including performances at the White House.

40. Upon information and belief, and furthermore based on the confusion of which Plaintiff is aware and has been informed about, Defendant's use of Jelly Roll has lessened the capacity of Plaintiff's registered service mark to identify and distinguish the services of Plaintiff.

41. Defendant's acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous service mark.

42. Plaintiff has no adequate remedy at law and is being irreparably harmed by dilution of its famous service mark, in violation of 15 U.S.C. §1125(c).

## COUNT III
**Unfair Competition by False Designation of Origin by Service Mark Infringement Under 15 U.S.C. §1125(a)**

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though more fully set forth at length herein.

44. Defendant has arranged to perform under the name Jelly Roll at the Wells Fargo Center in Philadelphia in October 2024 as part of a nationwide tour that includes other venues in locations at which Plaintiff is well-known and has performed.

45. Defendant engages in the sales of merchandise using Plaintiff's registered trademark which has caused members of the public to incorrectly assume these were products associated with Plaintiff.

46. Defendant has also adopted a domain name that uses Plaintiff's registered service mark, namely https://jellyroll615.com, an X feed (formerly Twitter) @JellyRoll615, Instagram @jellyroll615, Facebook profile under Jelly Roll, and TikTok @officialjellyroll.

47. Despite his receipt of a demand to cease and desist using Plaintiff's registered service mark, Defendant has ignored this demand and continues to use Plaintiff's registered service mark knowing that it continues to irreparably harm Plaintiff but has nevertheless callously disregarded the rights of Plaintiff to his own service mark.

48. Defendant's infringement of Plaintiff's registered service mark has caused the relevant public and trade to believe erroneously that Defendant's services are associated, authorized, or sponsored by Plaintiff.

49. Because of Defendant's troubled past, which includes a felony conviction and imprisonment, such association as averred above has caused additional harm to Plaintiff among the public and trade.

50. By the acts as alleged herein, Defendant has falsely designated and represented his services sold in commerce or has callously and intentionally disregarded clarifying the origin of his services, in an effort to trade on the goodwill of Plaintiff.

51. As a consequence of the foregoing, Defendant is currently continuing to commit the acts complained of herein and has continued to do so in defiance of Plaintiff's demand to cease such infringement, and by Defendant's acts, threatens to not stop until the value and good will associated with Plaintiff and his use of the service mark is thus permanently destroyed resulting in the destruction of Plaintiff's business and cancellation of the service mark due to non-use of the service mark, a requirement under federal law for a continuation of the service mark registration.

52. Defendant's acts and conduct as alleged herein constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Plaintiff's good will and business reputation entitling Plaintiff to injunctive relief.

## COUNT IV
### Injury to Business Reputation and Dilution in Violation of 54 Pa. Cons. Stat. Ann §1125

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as though more fully set forth at length herein.

54. Plaintiff is the owner of a service mark that is distinctive and famous in the Commonwealth of Pennsylvania.

55. Defendant has used and continues to use the famous service mark belonging to Plaintiff in callous disregard of the harm caused to Plaintiff by Defendant's wrongful use, thus diluting the mark by that association.

56. As a result of the actions complained of herein, Defendant has caused and unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Plaintiff, including injury to Plaintiff's good will and business reputation.

57. Plaintiff is being irreparably harmed by Defendant's acts in violation of 54 Pa. Cons. Stat. Ann. §1125.

## COUNT V
### Common Law Unfair Competition, Palming Off, and Service Mark Infringement

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 as though more fully set forth at length herein.

59. Defendant's actions and conduct as alleged herein constitute unfair competition under Pennsylvania common law.

60. Defendant's actions and conduct as alleged herein constitute service mark infringement under Pennsylvania common law.

61. Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Plaintiff, including but not limited to, injury to Plaintiff's good will and business reputation.

Wherefore, Plaintiff respectfully requests this Court to enter an Order as follows:

A. That Defendant, its officers, directors, partners, agents, servants, employees, attorneys, confederates, affiliates, related entities, and all persons acting for, with, by, or under them, and any others within his control or supervision, and all others in active concert or participation with the Defendant, be enjoined during the pendency of this action and permanently thereafter from directly or indirectly:

1. Using the name, term, or registered service mark Jellyroll® or any similar derivation of such of such service mark, including but not limited to Jelly Roll, in international class 41: *Entertainment in the nature of live performances by a musical band or group; entertainment services in the nature of live musical performances*, or any other designation, trade name, or service mark that is confusing similar to Plaintiff's service mark.

Dated: April 8, 2024                                    Respectfully submitted,

                                                        PANITCH SCHWARZE BELISARIO & NADEL LLP

OF COUNSEL:                                             By: */s/ John D. Simmons*

Steven D. Lustig                                        John D. Simmons (ID 202405)
Two Commerce Square                                     Two Commerce Square
2001 Market Street, Suite 2800                          2001 Market Street, Suite 2800
Philadelphia, PA 19103                                  Philadelphia, PA 19103
Telephone: (215) 965-1294                               Telephone: (215) 965-1268
Facsimile: (215) 965-1331                               Facsimile: (215) 965-1331
Email: slustig@panitchlaw.com                           Email: jsimmons@panitchlaw.com

                                                        ***Attorneys for Plaintiff Kurt L. Titchenell***